UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DIANE HARTWIG,

    Plaintiff,

v.                                        Case No. 18-cv-1508-pp

NANCY BERRYHILL,

    Defendant.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 3)**

On September 26, 2018, the plaintiff filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 3.

To decide whether to allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff has the ability to pay the filing fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts presented in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff states that she is not employed, and hasn't been employed since April of 2011; that she is not married; and that she has no dependents. Dkt. No. 3 at 2. The

plaintiff does not own a car; she owns a residence with an approximate value of $7,500. Id. at 2-3. The plaintiff claims monthly income of $900, id. at 4; there is nowhere on the affidavit to indicate what the source of that income is, so the court does not know. (The court notes that the plaintiff did not use the court's current form—"Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee"—which is available on the Eastern District of Wisconsin's web site. That form *does* have a space to indicate the source of any income.) Against the plaintiff's stated income, she lists expenses of $833 per month. Id. The plaintiff has $6.22 in cash or a checking or savings account. Id. at 3. The court concludes from that information that the plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that the plaintiff is disabled and that the defendant's conclusions and findings of fact when denying the plaintiff's claim

2

are not supported by substantial evidence and are contrary to law and regulation. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without paying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 3rd day of December, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**