# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DIANE HARTWIG,**

      **Plaintiff,**

   v.           Case No. 18-CV-1508

**ANDREW M. SAUL,**

      **Defendant.**

---

## DECISION AND ORDER

**1. Procedural History**

Diane Hartwig alleges she has been disabled since October 10, 2013. Following a hearing, an administrative law judge (ALJ) concluded that Hartwig was not disabled through June 30, 2016 (the date Hartwig was last insured for purposes of disability insurance benefits). After the Appeals Council denied review, Hartwig filed this action.

The ALJ concluded that Hartwig suffers from the following severe impairments: "degenerative disc disease; diabetes mellitus with peripheral neuropathy and atherosclerosis; coronary artery disease status-post stent placement; and obesity." (Tr. 15.) Despite these impairments, she

> had the residual functional capacity to perform light work … with the following limitations: the claimant was limited to never climbing ladders,

ropes, or scaffolds, and only occasional climbing of ramps or stairs, stooping, crouching, or engaging in activities requiting balance. The claimant was further limited to only occasional exposure to hazards, defined as work with machinery having moving mechanical parts, use of a commercial vehicle, or exposure to unprotected heights.

(Tr. 19.)

Given this residual functional capacity, Hartwig "was capable of performing past relevant work as a call center representative, tax preparer, and customer service representative." (Tr. 27.) Therefore, Hartwig was not disabled. (Tr. 29.)

## 2. Standard of Review

The court's role in reviewing the ALJ's decision is limited. It does not look at the evidence anew and make an independent determination as to whether the claimant is disabled. Rather, the court must affirm the ALJ's decision if it is supported by substantial evidence. *Moore*, 743 F.3d at 1120. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1120-21 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Thus, it is possible that opposing conclusions both can be supported by substantial evidence. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). If the ALJ committed a material error of law, however, the court cannot affirm the ALJ's decision regardless of whether it is supported by substantial evidence. *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014); *Farrell v. Astrue*, 692 F.3d 767, 770 (7th Cir. 2012).

3. **Analysis**

Hartwig challenges that ALJ's decision on various fronts, but collectively they all come under the broad argument that the ALJ erred in his assessment of Hartwig's residual functional capacity.

The ALJ's decision includes a thorough discussion of the medical evidence. He then offered various conclusions, including that the medical records were not consistent with Hartwig's subjective reports (Tr. 24, 27) and that the medical evidence showed she could perform light work (Tr. 24). However, an ALJ may not merely offer conclusions but must explain in what way the evidence supports a particular conclusion. Or, as the Court of Appeals for the Seventh Circuit has regularly characterized the duty, an ALJ must "build an 'accurate and logical bridge from the evidence to [his] conclusion' so that, as a reviewing court, we may assess the validity of the agency's ultimate findings and afford a claimant meaningful judicial review." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002) (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)).

As the ALJ acknowledged, Hartwig alleged disability primarily due to her back pain. (Tr. 26.) Yet the only explanation the ALJ offered for his conclusion that the severity of Hartwig's claims of back pain were unsupported by the record was that, "despite the claimant's alleged disability primarily due to her low back pain, the evidence of record indicates that she experienced improvement in her symptoms following receipt of

3

conservative treatment in the form of medication, as reported to multiple providers." (Tr. 26.)

But this explanation was insufficient to comply with SSR 16-3p. The fact that Hartwig enjoyed some improvement from medication inappropriately places undue weight on one piece of evidence and provides a distorted view of the overall record. *See Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."). Highlighting the conservative treatment of medication overlooks the painful injections and invasive surgery Hartwig underwent, which tends to corroborate the severity of her symptoms. *See* SSR 16-3p at 2. d. 5.

Moreover, the fact that Hartwig enjoyed "improvement" does not necessarily mean that she ceased to have debilitating pain. "A person's symptoms might improve from severe to moderate and yet still be disabling. Improvement alone does not suggest the absence of a disability." *Herron v. Colvin*, No. 14-CV-56, 2014 U.S. Dist. LEXIS 161947, at *18 (E.D. Wis. Nov. 19, 2014).

The ALJ gave little, if any, explanation regarding how the other factors relevant in assessing the severity of a claimant's symptoms impacted his conclusion. *See* SSR 16-3p at 2. d. Consideration of these factors could support a finding of disability. For example, there is evidence that Hartwig sleeps in a recliner in an attempt to alleviate her back pain.

(Tr. 52); *see* SSR 16-3p at 2. d. 6. Her daily activities are minimal. (Tr. 64-65); *see* SSR 16-3p at 2. d. 1. And her pain is exacerbated by any extended sitting, walking, or laying. (Tr. 51); *see* SSR 16-3p at 2. d. 3. Absent any explanation as to whether the ALJ considered these factors, remand is required.

Hartwig also argues that the ALJ erred by basing his residual functional capacity finding on his own interpretation of the medical evidence. It is well-established that an ALJ is not qualified to interpret medical evidence in the manner of a medical professional. *Meuser v. Colvin*, 838 F.3d 905, 911 (7th Cir. 2016). Although Hartwig devotes a significant portion of the relevant part of her brief to reciting medical evidence, she does not point to any particular medical evidence that the ALJ allegedly interpreted. She does, however, point to the following passage in the ALJ's decision:

> After considering the evidence that related to her health, the undersigned determined that the claimant had ongoing issues that stemmed from her impairments. However, the weight of the evidence does not suggest that she had additional limitations beyond those identified in the residual functional capacity statement. The combination of the claimant's treatment records and the lack of contrary reliable medical opinion evidence strongly support the conclusion that the claimant retained the ability to work within the limitations identified in the residual functional capacity statement through the date last insured.

(Tr. 26.)

Courts have said that a "a 'claimant's residual functional capacity is a medical question.'" *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004) (quoting *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)). And "'[s]ome medical evidence' must support the

determination of the claimant's RFC." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004) (quoting *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam)). But RFC is not limited to medical evidence. *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). "Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007).

Hartwig has not demonstrated that the ALJ's assessment of the medical evidence crossed the line to "playing doctor." Rather, the ALJ's quoted statement reflects a consideration of the evidence as a whole to reach a conclusion as to Hartwig's residual functional capacity. Such assessments are squarely within the province of an ALJ. *Cf.* 20 C.F.R. § 404.1545; SSR 96-08p. Any assessment of a claimant's residual functional capacity will include evaluation of the medical evidence, *see* SSR 96-08p, but evaluation of evidence is distinct from impermissible interpretation. Nothing the ALJ said constituted an impermissible interpretation of the medical evidence to arrive at his finding of Hartwig's residual functional capacity. But then the ALJ did not say much in the way of explanation for his finding. It is this error, not any impermissible "playing doctor," that requires remand.

4. **Conclusion**

The ALJ erred by failing to adequately explain his assessment of Hartwig's residual functional capacity. **IT IS THEREFORE ORDERED** that the Commissioner's

decision is **reversed**, and pursuant to 42 U.S.C. § 405(g), sentence four, this matter is **remanded** for further rulings consistent with this decision. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 3rd day of February, 2020.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge